Betty Jean **MYERS**, Plaintiff–Appellant,

v.

**PHILLIP MORRIS COMPANIES, INC.; Brown & Williamson Tobacco Company Corp.; R.J. Reynolds Tobacco Company, Defendants–Appellees.**

No. 99–17383.

United States Court of Appeals, Ninth Circuit.

Filed Feb. 14, 2001

As Amended March 28, 2001.

Before: BOOCHEVER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## ORDER

We certify to the California Supreme Court the question set forth in Part III of this order.

We stay further proceedings in this court pending receipt of the answer to the certified question. This case is withdrawn from submission until further order of this court or the order declining to accept the certified question. If the California Supreme Court accepts the certified question, the parties shall file a joint report six months after date of acceptance and every six months thereafter, advising us of the status of the proceeding.

## I

Pursuant to California Rule of Court 29.5, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, certifies to the California Supreme Court a question of law concerning the proper interpretation of the amendments to Cal. Civ.Code § 1714.45 that became effective on January 1, 1998. The decisions of the California appellate courts provide no controlling precedent regarding the certified question, and the answer to the question will be determinative of this appeal. We respect-

fully request that the California Supreme Court answer the certified question presented below. Our phrasing of the issue is not meant to restrict the court's consideration of the case. If the California Supreme Court declines certification, we will resolve the issue according to our perception of California law.

## II

Betty Jean Myers is deemed the petitioner in this request because she is appealing the district court's ruling on this issue. The caption of the case is:

BETTY JEAN MYERS, Plaintiff—Appellant

v.

PHILLIP MORRIS COMPANIES, INC.; BROWN & WILLIAMSON TOBACCO COMPANY CORP.; R.J. REYNOLDS TOBACCO COMPANY, Defendants—Appellees

\*     \*     \*

The names and addresses of counsel for the parties are as follows:

Andre P. Gaston, Bourdette & Partners, 2924 W. Main Street Visalia, California, 93291, for Plaintiff–Appellant

H. Joseph Escher, III, and Keith D. Kessler, 7th Floor, Howard, Rice, Nemerovski, Canady, Falk and Rabkin, Three Embarcadero Center, San Francisco, CA 94111–4065; Daniel P. Collins, 35th Floor, Munger, Tolles & Olson, LLP, 355 South Grand Avenue, Los Angeles, CA 90071–1560, for Defendants—Appellees

## III

The question of law to be answered is:

Do the amendments to Cal. Civ.Code § 1714.45 that became effective on January 1, 1998, apply to a claim that accrued after January 1, 1998, but which is based on conduct that occurred prior to January 1, 1998?

## IV

The statement of facts is as follows:

Betty Jean Myers began smoking cigarettes in 1956 and continued to smoke heavily until 1997. Throughout this period, and until August of 1998, she also worked and lived in environments in which those around her smoked cigarettes. On April 8, 1998, Myers was diagnosed with lung cancer allegedly caused by her exposure to tobacco. On March 4, 1999, Myers filed a complaint in Tulare County Superior Court against Philip Morris and the other defendant tobacco manufacturers (collectively, the "Tobacco Manufacturers") alleging several claims, including strict liability, negligence, breach of implied warranties, fraud, and negligent misrepresentation.

Prior to its amendment in 1997, Cal. Civ.Code § 1714.45 provided tobacco manufacturers immunity from almost all product liability suits alleging injuries from cigarettes. At that time, § 1714.45 read:

(a) In a product liability action, a manufacturer or seller shall not be liable if:

(1) The product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community; and

(2) The product is a common consumer product intended for personal consumption, such as sugar, castor oil, alcohol, tobacco, and butter....

(b) For purposes of this section, the term "product liability action" means any action for injury or death caused by a product, except that the term does not include an action based on a manufacturing defect or breach of an express warranty.

(c) This section ... shall apply to all product liability actions pending on, or commenced after, January 1, 1988.

Effective January 1, 1998, the California legislature amended § 1714.45 to strip tobacco manufacturers of this immunity. Section 1714.45 now reads:

(a) In a product liability action, a manufacturer or seller shall not be liable if both of the following apply:

(1) The product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community.

(2) The product is a common consumer product intended for personal consumption, such as sugar, castor oil, alcohol, and butter....

(b) This section does not exempt the manufacture or sale of tobacco products by tobacco manufacturers and their successors in interest from product liability actions, but does exempt the sale or distribution of tobacco products by any other person, including, but not limited to, retailers or distributors.

(c) For purposes of this section, the term "product liability action" means any action for injury or death caused by a product, except that the term does not include an action based on a manufacturing defect or breach of an express warranty.

*       *       *

(f) It is the intention of the Legislature in enacting the amendments to subdivisions (a) and (b) of this section adopted at the 1997–98 Regular Session to declare that there exists no statutory bar to tobacco-related personal injury, wrongful death, or other tort claims against tobacco manufacturers and their successors in interest by California smokers or others who have suffered or incurred injuries, damages, or costs arising from the promotion, marketing, sale, or consumption of tobacco products. It is also the intention of the Legislature to clarify that those claims that were or are brought shall be determined on their merits, without the imposition of any claim of statutory bar or categorical defense.

After removing this case to the United States District Court for the Eastern District of California, the Tobacco Manufacturers moved, on April 13, 1999, to dismiss Myers's complaint for failure to state a claim. On May 25, 1999, the district court granted the motion to dismiss, with leave to amend, on the ground that Cal. Civ. Code § 1714.45 barred Myers's action for any injuries incurred prior to January 1, 1998. On June 30, 1999, Myers amended her complaint to allege that she was exposed to secondhand cigarette smoke between January 1, 1998 and April 8, 1998. On July 19, 1999, the Tobacco Manufacturers again moved to dismiss Myers's complaint for failure to state a claim. On October 6, 1999, the district court again dismissed Myers's complaint for failure to state of claim, this time without leave to amend, on the grounds that she had conceded that her lung cancer was not caused by her exposure to secondhand smoke after January 1, 1998, and, again, that pre-1998 exposures were not actionable. Myers filed a timely notice of appeal to the Ninth Circuit.

V

We respectfully submit that the question presented in Part III needs certification for the following reasons:

The Tobacco Manufacturers argue that Cal. Civ.Code § 1714.45, despite the repeal of immunity from suit effective January 1, 1998, does not allow product liability claims against them to go forward which are based on their conduct prior to January 1, 1998. That is, they argue that Myers's product liability claims are barred because her claims are based on injuries she sustained prior to the January 1, 1998, repeal of immunity. The Tobacco Manufacturers base this assertion on their views that

1) allowing Myers's product liability claims to go forward would effectuate a retroactive application of the 1998 amendments to § 1714.45, *Evangelatos v. Superior Court,* 44 Cal.3d 1188, 1206, 246 Cal.Rptr. 629, 753 P.2d 585 (1988) ("[A] retrospective statute is one which affects rights, obligations, acts, transactions and conditions which are per-

formed or exist prior to the adoption of the statute.");

2) such a retroactive application requires either "express language or clear and unavoidable implication" from the California Legislature, *id.* at 1208, 246 Cal.Rptr. 629, 753 P.2d 585 (internal quotation marks omitted);

3) no such clear sign from the Legislature exists with regard to § 1714.45; and

4) if such a clear sign did exist, retroactive application of § 1714.45 would violate the California Constitution.

Myers takes the contrary position on each of these four arguments.

On October 18, 2000, the Supreme Court of California granted review in *Naegele v. R.J. Reynolds Tobacco Co.,* 96 Cal.Rptr.2d 666 (Cal.Ct.App.2000). The *Naegele* case presents a similar issue of the retroactive application of § 1714.45, but with one important difference: in *Naegele,* the question presented is whether the 1998 amendments to § 1714.45 apply to claims that accrued *prior* to January 1, 1998, *id.* at 669; whereas, in this case, the question presented is whether the 1998 amendments to § 1714.45 apply to claims that accrued *after* January 1, 1998, but which are based on conduct occurring prior to January 1, 1998. This difference is significant because:

1) it may not be a "retroactive" application of § 1714.45 to apply the 1998 amendments to past conduct, even though applying it to past claims might be;

2) the legislature may have expressed a clear intent to apply the 1998 amendments retroactively to past conduct, even though it might not have with regard to past claims, Cal. Civ.Code § 1714.45(f) ("[T]here exists no statuto-

ry bar to tobacco-related personal injury ... claims ... by California smokers or others *who have suffered* or *incurred injuries* ... arising from ... the consumption of tobacco products." (emphasis added)); and,

3) it may not violate the California Constitution to apply the 1998 amendments to past conduct,· even though it may so violate to apply the amendments to past claims.

Moreover, there could be many more claims against tobacco manufacturers that have yet to accrue, but which are based on conduct prior to January 1, 1998. As a result, the distinctions between this case and *Naegele* might affect cases in California and federal courts for many years to come.· Finally, as the California Supreme Court is already poised to consider the *Naegele* case, it might be efficient for the California Supreme Court to consider at the same time the similar issue presented in this case.

The California Supreme Court's authoritative answer "may be determinative" of the question presented in Part III. Cal. Ct. R. 29.5(a)(2). If the California Supreme Court concludes that the 1998 amendments to § 1714.45 do not bar product liability claims that accrued after January 1, 1998, even though they are based on conduct that occurred prior to that date, then we will reverse, at least in part,[1] the district court's dismissal of Myers's complaint and allow her suit to go forward. In contrast, if the California Supreme Court concludes that the 1998 amendments to § 1714.45 do bar product liability claims based on conduct that occurred prior to January 1, 1998, then we will affirm, at least in part,[2] the district court's dismissal of Myers's complaint. Thus, the determination of the question presented for certification is dis-

---

**1.** Myers's claims against the Tobacco Manufacturers include one claim based on fraud. The Tobacco Manufacturers argue that this claim was barred by the pre–1998 version of § 1714.45 along with all of Myers's other claims. Myers argues, however, that the pre–1998 version of § 1714.45 barred her from bringing only "product liability action[s],"

which do not include fraud claims. We have deferred submission of her fraud claim pending the California Supreme Court's review of the *Naegele* decision, which presents the issue in identical form.

**2.** See *supra* note 1.

positive, with the one exception noted in footnote 1, of our pending decision in this appeal.

Moreover, "the decisions of the California appellate courts provide no controlling precedent concerning the certified question." Cal. Ct. R. 29.5(a)(3). The only California appellate decision that interpreted the 1998 amendments to § 1714.45 was *Naegele*, which, as noted above, presented a different question of retroactivity than the question presented in this case. In any event, now that the California Supreme Court has granted review in *Naegele*, we must await the outcome of that review before proceeding with this case.

## VI

The Clerk of Court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to California Rule of Court 29.5(c).

IT IS SO ORDERED.