James **ELLIS**, Plaintiff—Appellant,

v.

The **AMERICAN TOBACCO COMPANY; Brown & Williamson Tobacco Corporation; Liggett Group Inc; Liggett & Myers Inc.; Phillip Morris, Inc.; Council for Tobacco Research USA Incorporated; Tobacco Institute, Inc.,** Defendants—Appellees.

No. 00–55004.

D.C. No. CV–99–00394–GLT.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 14, 2000.

Submission Deferred Dec. 15, 2000.

Decided Sept. 30, 2002.

Before BOOCHEVER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM *

James Ellis appeals the district court's decision granting summary judgment to defendants-appellees (hereinafter referred to as "tobacco companies"). Ellis challenges the district court's determination that California Civil Code § 1714.45 ("the Immunity Statute") neither tolled the applicable statute of limitations for Ellis' tobacco-related claims nor postponed the accrual of Ellis' cause of action. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

I

■ The tobacco companies' summary judgment motion was based on undisputed facts. The district court's grant of summary judgment therefore concerned issues of law only, which we review *de novo.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Bianchi v. Walker,* 163 F.3d 564, 568 (9th Cir.1998). The district court noted that Ellis' first claim—that the statute of limitations was tolled until the repeal of the Immunity Statute—would require the court to interpret the repeal of § 1714.45 as having a retroactive effect that supersedes the statute of limitations. We deferred submission pending certification to the California Supreme Court in a related case. *See Myers v. Phillip Morris Cos.,* 239 F.3d 1029 (9th Cir.2001). The district court declined to give the statute such a construction and the California Supreme Court has now confirmed that it was correct to do so. *Myers v. Philip Morris Cos.,* 28 Cal.4th 828, 123 Cal.Rptr.2d 40, 50 P.3d 751 (Cal.2002) (holding that "the Repeal Statute has no retroactive effect."). If the statute of limitations were tolled, Ellis would achieve indirectly that which the California Supreme Court, in *Myers,* now has forbidden him to achieve directly: a retroactive application of the Immunity Statute's repeal.

■ Ellis' second argument—that his cause of action did not accrue until the Immunity Statute was repealed—also must fail. As the district court noted, the California Supreme Court, in *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923 (Cal.1988), held that "a change in the law, *either by statute or by case law,* does not revive claims otherwise barred by the statute of limitations." Id. at 931 (emphasis added). Ellis argues that *Jolly* is distinguishable because, in that case, plaintiff's claim was barred by contrary *precedent* rather than the full-fledged statutory obstacle posed by the Immunity Statute.[1] This attempt to dis-

---

1. It is also worth noting that the plain language of § 1714.45 belies Ellis' contention that he had no legal ability to bring an action. The actual text of the Immunity Statute reads, "In a product liability action, a manufacturer

tinguish *Jolly* is unavailing because, as noted above, the California Supreme Court itself made no such distinction between those changes in the law effected through the courts and those wrought by the legislature. According to the court's own holding in *Jolly*, the source of the change in the law is irrelevant. If the action was barred, either by statute or by precedent, as the California Supreme Court clearly has held, such a bar does not toll the statute of limitations, let alone delay its application in the first place. *See Jolly*, 245 Cal.Rptr. 658, 751 P.2d at 929 ("[I]t is the discovery of facts, not their legal significance, that starts the statute [of limitations].")

Ellis' accrual argument suffers from another flaw, similar to that which afflicts his tolling claim. For if he were indeed correct—that immunity statutes such as § 1714.45 do delay the accrual of the barred causes of action until the statutes are repealed—it would be tantamount to a reversal of the traditional presumption in California (and elsewhere) regarding the retroactivity of statutes. In California, "legislative provisions are presumed to operate prospectively, and ... they should be so interpreted unless express language or clear and unavoidable implication negatives the presumption." *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 246 Cal. Rptr. 629, 753 P.2d 585, 597 (Cal.1988) (internal quotation marks omitted). Delaying the accrual date of Ellis' cause of action until the repeal of the Immunity Statute would bring about precisely the opposite result. Rather than presuming the repeal affected only those claims that accrued after repeal, Ellis urges the court to interpret the statute as creating a cause of action not just on a going-forward basis, but also with respect to any claim that

would have accrued during the period of immunity. Because such a result would conflict with the California Supreme Court's holdings in *Myers* and *Jolly*, it must be rejected.

The judgment of the district court is AFFIRMED.

---

or seller shall not be liable if...." As this opening clause reveals, the Immunity Statute

did not take away Ellis' cause of action, it gave manufacturers and sellers a defense.